WO MDR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luis Gutierrez-Valencia,<br>Plaintiff,<br>v.<br>Charles L. Ryan, et al.,<br>Defendants. | No. CV 20-00376-PHX-JAT (DMF)<br><br>**ORDER** |

## I. Procedural History

On February 18, 2020, Plaintiff Luis Gutierrez-Valencia, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a "Request for Acceptance of Non-Authorized Forms and/or Complaint and/or Waivers Requests for Plaintiff," lodged a pro se civil rights Complaint, and filed an Application to Proceed In Forma Pauperis. In a February 26, 2020 Order, the Court denied the Request for Acceptance, granted the Application to Proceed, and gave Plaintiff thirty days to file a complaint on a court-approved form.

On March 26, 2020, Plaintiff filed his Complaint. In an April 8, 2020 Order, the Court dismissed the Complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure, noting that Plaintiff had "present[ed] a rambling and disjointed collection of facts dispersed throughout the four counts and a 'Preliminary Statement'" and that the Court could not meaningfully review Plaintiff's Complaint, as required by 28

U.S.C. § 1915A(a). The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On April 30, 2020, Plaintiff filed a Motion for Extension of Time to File a First Amended Complaint, seeking an extension of time until June 4, 2020, to file his first amended complaint. In a May 8, 2020 Order, the Court granted Plaintiff's Motion for Extension of Time.

## II. Pending Motion

On May 7, 2020,[1] Plaintiff filed an Objection (Doc. 12) to the Court's April 8, 2020 Order. Plaintiff states, among other things, that he believes his Complaint complies with Rule 8(a), he included a "Preliminary Statement" because his "Complaint is and/or will involve complex technical medical language, matters and a substantial amount of documentary evidence [and] expert witnesses," and he believes "all statements and additional content [in the Complaint] w[ere] in good faith to elaborate on information requisite for the Complaint" and are "vital to include in the filing of Plaintiff[']s Complaint against defendants."

Plaintiff requests the Court accept his Complaint as filed and, if the Court does not, to "enlighten Plaintiff of its Order." Specifically, Plaintiff wants to know if he is forbidden from filing a complaint with a preliminary statement, whether he must file an amended complaint, whether he must re-write his original complaint, and whether an amended complaint contains word, line, or page limitations.

The Court will construe Plaintiff's Objection as a request for reconsideration of the April 8, 2020 Order. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J,*

---

[1] The Court was unaware of the Objection when it issued the May 8, 2020 Order because the Clerk of Court did not docket the Objection until May 8, 2020.

*Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's Complaint, the April 8 Order, and Plaintiff's Objection. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Objection.

To aid Plaintiff in his apparent confusion regarding the Court's requirements, the Court informs Plaintiff that the Court has given Plaintiff an opportunity to cure the deficiencies identified in the April 8 Order by filing a first amended complaint, which must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. This means Plaintiff must restate his allegations in a first amended complaint, not simply direct the Court to refer to the original Complaint. Plaintiff should take note that the court-approved form complaint is six pages long and both the form complaint and accompanying instructions permit an inmate to attach no more than fifteen additional pages of standard letter-sized paper; thus, his first amended complaint should be no longer than 21 pages, unless he seeks and is granted an extension of the page limitation. Plaintiff is advised that there is no word limit, but Rule 7.1(b) of the Local Rules of Civil Procedure does state that documents "shall not exceed 28 lines per

page." Finally, relevant information should be included in Plaintiff's causes of action, not in a preliminary statement.

**IT IS ORDERED** that Plaintiff's Objection (Doc. 12) is **denied**.

Dated this 19th day of May, 2020.

James A. Teilborg
Senior United States District Judge