WO                                                                                                  MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia, | No. CV 20-00376-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On February 18, 2020, Plaintiff Luis Gutierrez-Valencia, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a "Request for Acceptance of Non-Authorized Forms and/or Complaint and/or Waivers Requests for Plaintiff," lodged a pro se civil rights Complaint, and filed an Application to Proceed In Forma Pauperis. In a February 26, 2020 Order, the Court denied the Request for Acceptance, granted the Application to Proceed, and gave Plaintiff thirty days to file a complaint on a court-approved form.

On March 26, 2020, Plaintiff filed his Complaint. In an April 8, 2020 Order, the Court dismissed the Complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure. The Court gave Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.[1]

---

[1] In a May 19, 2020 Order, the Court denied Plaintiff's May 7, 2020 Objection to the Court's April 8, 2020 Order.

TERMPSREF

Plaintiff requested and received an extension of time to file his first amended complaint. On May 28, 2020, Plaintiff filed a First Amended Complaint (Doc. 16). The Court will order Defendants Ryan, Shinn,[2] Pratt, and Corizon to answer Count One of the First Amended Complaint and will dismiss Defendant Smith and Count Two.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

---

[2] As to the claim against Defendant Ryan *in his official capacity only*, the Court will substitute the current Director of the Arizona Department of Corrections, David Shinn. *See* Fed. R. Civ. P. 25(d) (permitting the court to order substitution of a public officer who is a party in an official capacity when the party ceases to hold office while the action is pending).

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues Defendants Corizon, Arizona Department of Corrections (ADC) former Director Charles L. Ryan, Deputy Director Richard Pratt, and Assistant Facility Health Care Administrator M. Smith in their individual and official capacities.

In **Count One**, Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment relating to his medical care. Plaintiff claims he was diagnosed in 2018 with inguinal and ventral hernias that were causing severe pain and other complications, but he had to wait more than five months to obtain any sort of hernia aids. (Doc. 16 at 3, 6-7.)[3] He alleges the hernia aids he eventually received did not correct his condition. (*Id.* at 7.) Plaintiff contends "the medical standard of care for a patient with a symptomatic hernia is surgical repair as soon as possible after detection," but a physician told him that him that due to Defendant Corizon's policy, Plaintiff would not get a hernia surgery, regardless of his pain and other symptoms, because his hernias were reducible and, therefore, surgery was elective. (*Id.* at 3, 7, 11.) The physician allegedly told Plaintiff that unless there was an emergency, Plaintiff would have to wait until the hernias became non-reducible or "breaks/bursts through the wall." (*Id.* at 11.) Plaintiff contends he subsequently saw another physician, who told Plaintiff that she would recommend a

---

[3] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

consultation with a hernia specialist even though Defendant Corizon "would more th[a]n likely deny her request." (*Id.*)

Plaintiff asserts that pursuant to Defendant Corizon's policy, a hernia surgery is considered elective if the hernia is reducible, regardless of whether a patient has other symptoms or surgery will alleviate a serious medical need. (*Id.* at 6-7.) Plaintiff claims that basing the decision to perform surgery on whether the hernia is reducible, irrespective of other symptoms, falls far below the acceptable medical standard of care. (*Id.* at 7.) Plaintiff claims Defendant Corizon's policy prevented or delayed his surgery for almost two years, during which he was in terrible pain, his condition worsened, his complications and health risks increased, and his daily living was restricted. (*Id.* at 6-7, 11.) He alleges that during this time, routine activities such as walking, running, lifting, coughing, urinating, defecating, or sitting up "caused the tissue to bulge out of [his] abdom[inal] wall and/or groin area[,] causing intense [and] excruciating pain." (*Id.* at 7.) He also contends "his stomach lin[]ing continued to rip both upper quadrant [and] right lower inguinal hernias"; he had cramps, sharp pains, groin pain, a loss of sleep, and other complications; his intestines "started going into his testicles"; and he had a bowel obstruction so severe that an emergency medical Incident Command System was activated and he was taken to the medical department on a stretcher. (*Id.* at 4, 7.)

Plaintiff contends Defendant Ryan had a non-delegable duty to provide constitutionally adequate medical care to prisoners under his care, knew about Defendant Corizon's failure to provide adequate healthcare and its policy, but failed to act and allowed Defendant Corizon's misconduct to continue by repeatedly renewing Defendant Corizon's contract. (*Id.* at 3.) He alleges Defendant Ryan did this "because of a prison for profit mentality [and] environment and [a] broken health care system within AD[]C." (*Id.*) Plaintiff also claims he wrote to Defendant Ryan directly for help, it was within Defendant Ryan's power to help him, but Defendant Ryan failed to respond or act, despite the fact that Plaintiff was suffering extreme pain and Defendant Ryan knew that delaying or failing to provide the hernia surgeries would leave Plaintiff in excruciating pain and at risk for

serious complications. (*Id.* at 3-4.) Plaintiff asserts that because of Defendant Ryan's inaction, he suffered daily as his condition worsened. (*Id.* at 4.)

Plaintiff contends Defendant Pratt also had a responsibility to provide adequate medical care and to ensure Defendant Corizon's performance, and had the knowledge, power, and authority to "correct the wrong," but failed to do so. (*Id.* at 4-5.) He claims Defendant Pratt encouraged "wide-spread syst[e]mic failures" by continuing to renew Defendant Corizon's contract despite knowing, since 2013, that Defendant Corizon was failing to provide adequate medical care. (*Id.* at 5.) Plaintiff alleges Defendant Pratt neglected prisoner medical care for monetary gain, claiming Defendant Pratt stated that although he was not satisfied with Defendant Corizon's performance, he was afraid to lose their business, he did not want to push Defendant Corizon too hard because he was concerned Defendant Corizon might terminate its contract instead of providing adequate medical care, and he felt it was a "smart business decision" to extend Defendant Corizon's contract. (*Id.*)

Plaintiff claims Defendant Smith is responsible for processing, responding to, and resolving informal complaints and grievances, and had the power to approve Plaintiff's requested relief, but did not do so. (*Id.* at 8.) Plaintiff asserts that in a March 18, 2018 grievance response, Defendant Smith stated that based on current policy, hernia repair is considered "elective" unless the hernias are non-reducible, extend into the scrotal sac, and interfere with activities of daily living, and Plaintiff did not meet these criteria. (*Id.* at 8-9.) Plaintiff contends this decision was made without Plaintiff being seen by Defendants and without regard to Plaintiff's other symptoms and severe pain. (*Id.* at 9.)

Plaintiff claims he filed inmate letters and grievances and wrote to ADC's Central Office. (*Id.* at 5.) He alleges Defendants "failed to correct the wrong" because they delayed, denied, and failed to recommend, approve, or provide hernia surgery or a consultation with a hernia specialist, without delay. (*Id.* at 8.) Plaintiff contends Defendants, despite being aware of Plaintiff's symptoms, pain and suffering, and serious medical needs, acted with deliberate indifference, disregarded Plaintiff's medical needs

and the physician's recommendation, relied on Defendant Corizon's unconstitutional policy, and decided not to provide a workable pain management plan or recommend a hernia consultation. (*Id.* at 4, 8.) He claims that as a result, he suffered with daily pain from a double hernia that interfered with his daily activities. (*Id.* at 8.)

Plaintiff alleges ADC and Corizon have a policy, practice, and custom of failing to provide adequate medical care, delaying or denying medical care, and acting with negligence because they will not provide consultations and surgery for inmates suffering from painful hernias, except in emergency situations, regardless of the inmate's severe daily pain. (*Id.* at 10.) Plaintiff claims these policies prevent medical professionals from exercising their medical judgment, which has resulted in the delay or denial of a hernia consultation, surgery, and special needs orders for Plaintiff. (*Id.*) He contends this left him in severe pain, placed him at risk of serious complications, and prevented him from participating in normal activities. (*Id.*)

Plaintiff contends Defendants allowed medical care to deteriorate so they could reduce their costs and increase their profits. (*Id.*) He alleges Defendants based their decisions on Defendant Corizon's policy and put Defendant Corizon's and ADC's needs and profits ahead of Plaintiff's medical needs, without regard to Plaintiff's symptoms, pain, and risk of serious medical complications. (*Id.* at 9.)

In **Count Two**, Plaintiff contends the same allegations discussed in Count One also constitute negligence and medical negligence in violation of the Ninth Amendment.

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his costs of suit.

### III. Discussion

The Court will dismiss Count Two because it is essentially duplicative of Plaintiff's better-pleaded allegations in Count One and because the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

The Court will dismiss Defendant Smith because Plaintiff's claim against Defendant Smith is duplicative of his claim against her in *Gutierrez-Valencia v. Corizon Utilization Management Unit*, CV 18-03007-PHX-JAT (DMF).[4] An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Liberally construed, Plaintiff has stated an Eighth Amendment medical care claim in Count One against the remaining Defendants. The Court will require Defendant Corizon to answer Count One; require Defendant Pratt to answer Count One in his individual capacity only;[5] require Defendant Ryan to answer Count One in his individual capacity only; and substitute current Arizona Department of Corrections Director David Shinn for Defendant Ryan in his official capacity only and require Director Shinn to answer Count One in his official capacity.[6] *See* Fed. R. Civ. P. 25(d) (permitting the court to order substitution of a public officer who is a party in an official capacity when the party ceases to hold office while the action is pending).

---

[4] In Count Five of his Complaint in CV 18-03007, Plaintiff alleged that "throughout [Plaintiff's] entire medical jou[r]ney," Defendant Smith "has continued to hinder [Plaintiff] from securing a much[-]needed surgical procedure for a double hernia condition," despite being aware of Plaintiff's condition and pain. *See* Doc. 1 at 9 in CV 18-03007. Plaintiff claimed Defendant Smith refused to aid or assist in remedying Plaintiff's condition and deliberately "refuse[d] to offer any real resolution" of the issue, despite Plaintiff's "constant cr[ie]s for assistance." *Id.* In a November 30, 2018 Order, the Court dismissed the claim against Defendant Smith because Plaintiff had failed to state a claim against her. *See* Doc. 11 in CV 18-03007.

[5] The Court will not require Defendant Pratt to answer in his official capacity because it would be redundant; the Court is already requiring Director Shinn to answer in his official capacity. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978) (a claim against an individual in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent.").

[6] Plaintiff can only obtain *prospective* declaratory or injunctive relief, not damages or retrospective declaratory and injunctive relief against ADC employees in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (the Eleventh Amendment "does not . . . bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law.").

**IV.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court.  See Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court shall update the docket to reflect that, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Arizona Department of Corrections Director David Shinn is substituted for Charles Ryan **in his official capacity only**.

(2) Count Two and Defendant Smith are **dismissed** without prejudice.

(3) Defendants Ryan, Shinn, Pratt, and Corizon must answer Count One. Defendants Ryan and Pratt must answer in their individual capacities only; Defendant Shinn must answer in his official capacity only.

(4) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ryan, Shinn, Pratt, and Corizon.

(5) Plaintiff must complete[7] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

. . . .

---

[7] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF
- 9 -

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

 (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or (h)(1) of the Federal Rules of Civil Procedure; and

 (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1   (11)   Defendants Ryan, Shinn, Pratt, and Corizon must answer Count One of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 23rd day of June, 2020.

*James A. Teilborg*
Senior United States District Judge

**TERMPSREF**