**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Gutierrez-Valencia, | No. CV-20-00376-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Luis Gutierrez-Valencia's ("Plaintiff") Appeal (Doc. 45) of the decision of Magistrate Judge Deborah M. Fine (Doc. 41) to deny Plaintiff's Motion (Doc. 36) to exceed discovery limits. Defendant David Shinn responded to Plaintiff's Appeal (Doc. 49), and the Court now rules.

## I.    BACKGROUND

Plaintiff filed a complaint alleging that Defendants violated Plaintiff's Eighth Amendment rights. (Doc. 16). Specifically, Plaintiff alleges that Defendants caused wanton infliction of pain upon Plaintiff by failing to provide adequate medical care for Plaintiff's double hernia. (*Id.* at 8). Plaintiff submitted a Motion to Exceed Limits of Interrogatories, Requests for Production, and Requests for Admissions. (Doc. 36). Magistrate Judge Fine denied Plaintiff's motion. (Doc. 41). Plaintiff seeks relief from Magistrate Judge Fine's order (Doc. 41) under Federal Rule of Civil Procedure 72(a).

## II.    LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate

judge that "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.,* 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 215CV01375TLNCDK, 2017 WL 2813037, at *2 (E.D. Cal. June 29, 2017).

## III.   ANALYSIS

Magistrate Judge Fine denied Plaintiff's request to exceed discovery limits. (Doc. 41). Magistrate Judge Fine reasoned that Plaintiff failed to show good cause to exceed the discovery limits, Plaintiff's current number of discovery requests are appropriate and proportional to the claims in this case, and Plaintiff failed to show that the current amount of discovery requests are insufficient to pursue his claims. (*Id.* at 2).

### a.   Good Cause

Plaintiff contends that this is a complex medical case and exceeding discovery limits is essential to obtain the extensive amount of evidence and documents that are relevant to his claims. (Doc. 45 at 2). Specifically, Plaintiff explains that additional interrogatories will enable him to locate the records of various inmates, prison officials and medical personnel—records that will provide key documents and information essential for Plaintiff to prosecute his claims. (*Id.*). Plaintiff further argues that additional interrogatories are neither burdensome nor prejudicial to Defendants, and that the sought-after information is "in the custody, control, or . . . can be obtained by Defendants and/or their agents or attorneys." (*Id.* at 2–3).

Plaintiff, however, has failed to show that Magistrate Judge Fine erred in finding that he did not show good cause to exceed the discovery limits agreed upon in the

Scheduling and Discovery Order (Doc. 29). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When determining whether a party has shown good cause to exceed discovery limits, the Ninth Circuit typically considers the diligence of the party requesting the amendment and the party's reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (courts can consider "whether the moving party was diligent in obtaining discovery within the guidelines established by the court"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 59 (S.D.N.Y. 2019) (courts may also consider "whether the party seeking additional discovery has had an adequate opportunity for discovery").

Analyzing Plaintiff's behavior under the Ninth Circuit approach, Plaintiff was diligent in requesting modification of the schedule. He did not wait until he missed deadlines or until discovery had closed to petition for a change in schedule. (*See* Docs. 29 at 3, 36). However, Plaintiff does not provide good cause for modification of the schedule. As Magistrate Judge Fine noted, Plaintiff requested a modification when "discovery had just begun." (Doc. 41 at 2). Therefore, Plaintiff still has adequate opportunity for discovery. Additionally, Plaintiff attached "Exhibit C" to his appeal arguing that it shows his need for additional discovery. (Doc. 45 at 26). This exhibit, however, simply consists of medical records and declarations that fail to show why, at this early stage of discovery, the current number of interrogatories and discovery requests are insufficient. (*Id.* at 26–48). Finally, Plaintiff states that additional discovery is needed because he "*will be asking* and/or requesting such information and documentation from all Defendants that *will show* where Plaintiff can obtain other . . . documents." (emphasis added) (*Id.*). Plaintiff seeks to exceed discovery limits for future obtainable documents without first using the current discovery limits to request the initial "information and documentation" from Defendants. Thus, Plaintiff merely anticipates the possibility that he may struggle to obtain all relevant records under the current discovery limits. *See also Andrich v. Arpaio*, 2017 WL 3282286, 6 (D. Ariz. 2017) (denying plaintiff's motion to exceed discovery limits to obtain medical

1 records and other information because plaintiff made "general reference[s]" to "discovery
2 he *might* need to obtain later" without identifying the specific information he seeks nor
3 why he cannot obtain the information using the current discovery limits).

4       Plaintiff also argues that he was forced to endure two years of suffering due to
5 untreated hernias that lead to additional symptoms and medical complications. (Doc. 45 at
6 3). To this end, Plaintiff contends that it is within the interest of justice to grant his request
7 because the public interest demands that prisoners receive constitutionally adequate
8 healthcare. (*Id.*). It is undisputed that inmates have a constitutional right to adequate
9 healthcare. However, in his appeal, Plaintiff fails to show why he will be unable to
10 prosecute his Eighth Amendment claims or receive adequate healthcare without exceeding
11 the limits of discovery. (*Id.*); *see Goolsby v. Raney*, 483 Fed.Appx. 326, 328 (9th Cir. 2012)
12 (plaintiff was not entitled to additional discovery time for his civil rights claims because
13 plaintiff failed to show that the information sought-after either existed or was essential to
14 pursue his claims).

15       Finally, Plaintiff asserts that the Ninth Circuit follows a standard whereby the Court
16 should usually grant a pro se litigants request to exceed discovery limits if the request is
17 appropriate. (Doc. 45 at 3). Plaintiff fails to provide any legal citations to support this
18 assertion. The Ninth Circuit has stated that courts should make reasonable allowances for
19 pro se litigants, however, pro se litigants are still expected to abide by the Court's rules.
20 *Oster v. Clarke*, 2009 WL 279056, 1 (W.D. Wash. 2009); *McCabe v. Arave*, 827 F.2d 634,
21 640 n.6 (9th Cir. 1987). The rules of this Court require Plaintiff to show good cause to
22 modify the schedule, which Plaintiff has failed to do. Fed. R. Civ. P. 16(b)(4). As noted
23 above, the Court focuses its inquiry on the party's diligence and reasons for seeking
24 modification, and Plaintiff is unable to satisfy those factors. Thus, Magistrate Judge Fine
25 did not err in denying Plaintiff's request to extend discovery limits because Plaintiff failed
26 to show good cause for the amendment.

27     **b.**    **Current Discovery Limits**

28       Plaintiff is currently entitled to 25 interrogatories, 15 requests for production and 10

requests for admissions. (Doc. 29 at 3). Magistrate Judge Fine ordered that Plaintiff's current amount of discovery interrogatories and requests are proportional and adequate for the claims in this case. (Doc. 41 at 2). Plaintiff fails to show that the discovery limits are insufficient to pursue his claims. Specifically, Plaintiff is only pursuing one claim against the Defendants, yet Plaintiff asks for an additional 20 interrogatories, 10 requests for production and 35 requests for admission. (Doc. 36 at 1). Based on Plaintiff's current showing, granting Plaintiff's request to exceed discovery limits would be excessive for the single claim at issue. *See Appel v. Boston Nat'l Title Agency, LLC*, 2020 WL 4336065, 1 (S.D. Cal. 2020), 2020 WL 3078534, 2 (S.D. Cal. 2020) (stating that granting parties an additional 25 interrogatories each would be "excessive" to prosecute the nine claims in the case, despite Plaintiff adding six additional claims in his amended complaint that "were not contemplated in previous discovery").

Plaintiff also argues that the discovery limits are disproportional because defense counsel deposed Plaintiff for seven hours, while Plaintiff was unable to conduct depositions against the Defendants. (Doc. 45 at 2). As the Scheduling and Discovery Order states, Plaintiff—a pro-se and incarcerated litigant—cannot take depositions without permission from the Court following a showing of exceptional circumstances. (Doc. 29 at 3). Here, Plaintiff has failed to show exceptional circumstances that would warrant the Court approving a deposition. *See also Andrich v. Arpaio*, 2017 WL 3283386, 8-9 (D. Ariz. 2017) (holding incarcerated plaintiff did not show the required exceptional circumstances to take a deposition, even when defendants could take depositions, because he was "no different than any other pro se prisoner Plaintiff"). Additionally, a deposition may run for a maximum of one, seven-hour day. Fed. R. Civ. P. 30(d). Defense counsel's deposition of Plaintiff properly conformed to the Federal Rules. Finally, the Court focuses on whether each sides discovery is proportional to the needs of the case, not to each other. Fed. R. Civ. P. 26(b)(1). Thus, Plaintiff did not show that his inability to depose Defendants, nor defense counsel's seven-hour deposition, made his current number of discovery requests inadequate for the claims in this case. Therefore, Magistrate Judge Fine did not err in

denying Plaintiff's request to exceed discovery limits because Plaintiff's request is excessive and without justification.

## IV.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 45) is OVERRULED and the Magistrate Judge's order (Doc. 41) is AFFIRMED.

Dated this 12th day of February, 2021.

James A. Teilborg
Senior United States District Judge